| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>ANA McCARTHY,<br><br>                Plaintiff,<br><br>    v.<br><br>STATE OF NEW YORK,<br><br>                Defendant.<br>------------------------------------------------------------X | NOT FOR PUBLICATION<br><br><br><br><br><br>**MEMORANDUM & ORDER**<br>21-CV-1169 (WFK)(LB) |

**WILLIAM F. KUNTZ, II, United States District Judge:** Ana McCarthy ("Plaintiff") filed the above-captioned pro se complaint on April 5, 2021. She paid the filing fee on April 13, 2021. For the reasons set forth below, Plaintiff is directed to file an amended complaint within 45 days of the date of this Order.

## BACKGROUND

The Complaint comprises hand-written entries on a form complaint for a civil action. The complaint names the State of New York as the only defendant. Compl. at 1–2, ECF No. 1. In the section of the form complaint to assert a basis for federal jurisdiction, Plaintiff checks the box for Federal question and states: "First Amendment Rights violation prohibiting the free exercise thereof (religion) and blessing of my children in Hebrew." Compl. at 4. In her Statement of Claim, Plaintiff alleges: "On March 3, 2021, I was deprived of my constitutional rights of blessing my children in the traditional custom of Judaism and prior to the sabath" [*sic*]. Compl. at 5. She asserts that the incident occurred at an unidentified New York State agency "and at the hands of an employee of that agency." *Id.* In her claim for relief, Plaintiff "begs this court to order all state of New York agencies to train their employees to abide by the Constitution of the United States of America and Freedom of Creed and exercise of Religious Rights and compensation for violation of these rights." Compl. at 6.

On May 11, 2021, Defendant requested a pre-motion conference in anticipation of filing a motion to dismiss. ECF No. 8. Defendant plans to argue that (1) Plaintiff's claims are barred

by the Eleventh Amendment of the Constitution; (2) the State of New York is not a "Person" pursuant to 42 U.S.C. § 1983; and 3) Plaintiff's allegations fail to state a claim. *Id.*

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Rule 8 requires that the complaint include facts, which state a possible claim to relief. It is not enough to say that the defendant harmed me; the claim must include factual details that, if they are true, would show that the defendant broke the law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

At the pleading stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All allegations contained in the complaint are assumed to be true, but this tenet is "inapplicable to legal conclusions." *Id.* Although *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the Court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). An action is frivolous as a matter of law when it is "based on an indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 473 (2d Cir. 1998). "A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (*per curium*) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

The Eleventh Amendment of the United States Constitution prohibits suits for damages against states, state agencies, and state officials acting in their official capacity, unless the state consents to be sued or Congress enacts statutes that waive the state's sovereign immunity. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff has not identified any waiver of sovereign immunity that would allow her claims for damages to proceed against the State of New York or any New York State employees acting in their official capacity.

Plaintiff may be able to bring claims for damages against state officials acting in their individual capacity. Plaintiff also requests injunctive relief. In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court created an exception to the general principle of sovereign immunity, by allowing claims against state employees for prospective injunctive relief. Even if Plaintiff intended to name the New York State Attorney General, she has not alleged that the New York

3

Attorney General is responsible for the alleged violation of her constitutional rights or has committed any act against her.

Plaintiff's complaint alleges deprivation of her right to Free Exercise of religion, a principle enshrined in the First Amendment of the United States Constitution. Claims invoking constitutional rights may be cognizable under 42 U.S.C. § 1983. Section 1983 requires that a plaintiff demonstrate that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). A Section 1983 plaintiff seeking to recover money damages must establish that the named defendants were personally involved in the wrongdoing or misconduct complained of. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff does not allege that the New York State Attorney General, a supervisory official, had any role in the alleged deprivation of her rights. Plaintiff indicates that the alleged deprivation occurred "at the hands of an employee of that agency," but she does not identify the employee, or even the agency. Plaintiff also has not adequately explained what happened to her or how her rights were violated.

The Free Exercise Clause of the First Amendment (as applied to the States by the Fourteenth Amendment) prohibits states from prohibiting the free exercise of religion. U.S. Const., Amendment 1. That means that governments cannot regulate beliefs.

> The free exercise of religion means, first and foremost, the right to believe and profess whatever religious doctrine one desires. Thus, the First Amendment obviously excludes all governmental regulation of religious *beliefs* as such. The

4

> government may not compel affirmation of religious belief, punish the expression of religious doctrines it believes to be false, impose special disabilities on the basis of religious views or religious status, or lend its power to one or the other side in controversies over religious authority or dogma.
>
> But the "exercise of religion" often involves not only belief and profession but the performance of (or abstention from) physical acts: assembling with others for a worship service, participating in sacramental use of bread and wine, proselytizing, abstaining from certain foods or certain modes of transportation. It would be true, we think (though no case of ours has involved the point), that a State would be "prohibiting the free exercise [of religion]" if it sought to ban such acts or abstentions only when they are engaged in for religious reasons, or only because of the religious belief that they display. It would doubtless be unconstitutional, for example, to ban the casting of "statues that are to be used for worship purposes," or to prohibit bowing down before a golden calf.

*Emp. Div., Dep't of Hum. Res. of Oregon v. Smith*, 494 U.S. 872, 877–78 (1990) (internal quotation marks and multiple citations omitted).

However, "the right of free exercise does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes)." *Id.* at 879 (internal quotation marks and citations omitted).

In this case, Plaintiff claims: "I was deprived of my constitutional rights of blessing my children." Without any description of the circumstances, including the context and the location, it is impossible for the Court to consider whether the alleged proscription was based on Plaintiff's specific religious beliefs and practices or involved a valid and neutral law of general applicability.

## **CONCLUSION**

In light of Plaintiff's pro se status, the Court grants 45 days to file an amended complaint to name individual defendants who may be responsible for violating her constitutional rights. If she does not know the name of the agency employee(s), she may name the individual(s) as John Doe(s) or Jane Doe(s) and provide a description of the employee(s) and the circumstances. She

5

must identify the date and location and explain what each individual did, or did not do, in violation of her rights.  Plaintiff must also provide an address where each Defendant named may be served with process.  Plaintiff is reminded that an amended complaint completely replaces the original complaint.  The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order.

The action is stayed for 45 days.  If Plaintiff does not file an amended complaint within 45 days, Defendant may proceed with the proposed motion.  *See* ECF. No 8.  Although Plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: May 13, 2021
       Brooklyn, New York